**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PATRICIA SHINN, of Yvonne Shinn,**

    **Plaintiff,**

**-vs-**                                    **Case No. 6:02-cv-668-Orl-31DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

    **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ATTORNEY FEES (Doc. No. 33)**
>
> **FILED:** July 28, 2005
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

### *BACKGROUND*

On June 10, 2002, Plaintiff, on behalf of her minor child, sued for review of an unfavorable determination on her application for social security benefits (Doc. No. 1). On May 20, 2003, the undersigned issued a Report and Recommendation that the Commissioner's decision be affirmed (Doc. No. 19). The District Court affirmed the Commissioner's decision, over Plaintiff's objections, on July 9, 2003 (Doc. No. 21). Plaintiff appealed, and the Eleventh Circuit vacated the decision, and

Case 6:02-cv-00668-GAP-DAB   Document 36   Filed 08/12/05   Page 2 of 5 PageID 157

remanded the claim. *Shinn o/b/o Shinn v. Commissioner of Social Security,* 391 F.3d 1276 (11th Cir.2004). Plaintiff filed a motion for attorney fees for work performed at the trial and appellate level pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"), and the Eleventh Circuit issued an order granting the motion as to entitlement, and remanding the matter to this Court for a determination as to the amount (Doc. No. 31). The instant motion, seeking fees in the amount of $9,384.91, followed. The Commissioner has filed her response (Doc. No. 35), and the motion is now ripe for resolution.

### *ANALYSIS*

Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed; the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The appellate court has established Plaintiff's entitlement to an award for work performed at the trial and appellate level.

In determining the amount of such an award, the Court looks to the number of hours reasonably expended multiplied by the set statutory rate, as adjusted. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (discussing the concept of reasonable hours); *Meyer v. Sullivan,* 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorney fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir.1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate).

Plaintiff's counsel claims in his papers that he spent a total of 63.4 hours on this action in this Court and the Eleventh Circuit Court of Appeals, and seeks the hourly rate of $144.43 for the 16.3

remanded the claim. *Shinn o/b/o Shinn v. Commissioner of Social Security,* 391 F.3d 1276 (11th Cir.2004). Plaintiff filed a motion for attorney fees for work performed at the trial and appellate level pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"), and the Eleventh Circuit issued an order granting the motion as to entitlement, and remanding the matter to this Court for a determination as to the amount (Doc. No. 31). The instant motion, seeking fees in the amount of $9,384.91, followed. The Commissioner has filed her response (Doc. No. 35), and the motion is now ripe for resolution.

### *ANALYSIS*

Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed; the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The appellate court has established Plaintiff's entitlement to an award for work performed at the trial and appellate level.

In determining the amount of such an award, the Court looks to the number of hours reasonably expended multiplied by the set statutory rate, as adjusted. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (discussing the concept of reasonable hours); *Meyer v. Sullivan,* 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorney fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir.1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate).

Plaintiff's counsel claims in his papers that he spent a total of 63.4 hours on this action in this Court and the Eleventh Circuit Court of Appeals, and seeks the hourly rate of $144.43 for the 16.3

hours spent in 2002 (total $2,354.20); the hourly rate of $147.71 for the 28.5 hours spent in 2003 (total $4,210.02); and the hourly rate of $151.65 for the 18.6 hours spent in 2004 and 2005 (total $2,820.69). The total amount claimed is $9,384.91 ($2,354.20 for 2002 plus $4,210.02 for 2003 plus $2,820.69 for 2004 and 2005 equals $9,384.91.)  Plaintiff has provided an itemization of the hours sought.

The Commissioner does not contest the hourly rates or the number of hours spent at the district court level, but objects to the hours sought for work at the appellate level and for preparing the motion for fees.

**Fees for preparation of the appellate brief**

The Commissioner opposes Plaintiff's request for 12.5 hours for the preparation of her appellate brief, as the brief consisted of arguments "identical to those raised in her Objections to the Report and Recommendation." (Doc. No. 35 at 4).  The Commissioner has attached to her response excerpts from the appellate brief that do indicate that at least a portion of the brief is substantially the same as Plaintiff's earlier filed papers.  Nonetheless, the Court disagrees with the Commissioner's contention that Plaintiff should only recover four hours of time for preparation of the brief.

The appellate brief is not before the Court in its entirety.  The Court can, however, readily assume that considerable care was taken in drafting a brief in the form acceptable to the appellate court. The Court of Appeals has promulgated numerous detailed rules regarding the form of papers presented to it, and it enforces those requirements vigorously.  Although Plaintiff may have, at least in part, merely reiterated arguments made to this Court, it is not unreasonable to assume that counsel was careful enough to revisit the record and his arguments, update his research and double check his citations; all of which, when coupled with the mechanics of compiling and filing a brief, could be

expected to take the day and a half claimed.  This Court finds that 12.5 hours is not unreasonable for preparation and filing of an appellate brief even if no new legal issues were presented.

### Filing the Notice of Appeal

The Commissioner next objects to the 1.6 hours claimed to research and file the Notice of Appeal, as excessive for this task.  The time entries in question, however, state:

July 16, 2003 Research re: appeal to Eleventh Circuit Court of Appeals   1.4 [hours]

August 14, 2003 Prepared and filed Notice of Appeal   .2 [hours]

The Court does not interpret the two entries as stating that it took counsel 1.6 hours to figure out how to draft a Notice of Appeal, as the Commissioner appears to suggest.  Rather, the first entry may well relate to researching whether taking the appeal was appropriate on the merits.  The Court would hope that all litigants would find it worthwhile to spend an hour researching the advisability of such an action.  As the preparation and filing of the actual notice took only two tenths of an hour, this Court finds no basis to disallow the time.

### Preparing the fee motion

The Court does find merit in the Commissioner's objection to the 4.6 hours charged to prepare the fee petition in appellate court and here.  The Court notes that the appellate petition is not before this Court, so the Court reviews this charge assuming that Plaintiff filed the usual petition, similar to that filed here.  As it is Plaintiff's burden to prove the reasonableness of his request, the Court agrees with the Commissioner that the amount of time claimed appears excessive for what is a mostly routine, ministerial task.  The Court recommends a deduction of 1.6 hours at the 2004/20005 rate of $151.65 an hour.

### *RECOMMENDATION*

It is **respectfully recommended** that the motion be **GRANTED, in part** and that an award of attorney's fees under the EAJA be made in the total amount of **$9,142.27** ($9,384.91 claimed less $242.64 deduction for excess fee petition time).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 12, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy